**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Nicholas Harrison, | ) | **CASE NO. 1:11 CV 1970** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Leif Christman, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Nicholas Harrison filed this action against his criminal defense attorney Leif Christman.  In the Complaint, Harrison asserts Christman permitted him to be prosecuted and denied him due process.  He seeks monetary damages.

## BACKGROUND

Harrison was indicted in both federal and state court in 2009.  Christman was appointed by the federal court to represent Harrison in his federal criminal case.  Harrison claims he immediately informed his attorney of the pending state case and requested that Christman represent him in that action as well.  Harrison alleges he was advised by Christman to concentrate first on the federal charges because a state court conviction would raise his criminal history score under the sentencing guidelines and result in a longer federal sentence.  He

indicates the attorney promised to address the state charges when the federal case was completed.

Harrison contends his attorney visited him in jail only one time prior to his federal trial. He claims Christman insinuated he could do more for Harrison if he were being paid.

Harrison was sentenced on November 2, 2009 to three years in prison.  At that time, he again asked Christman if he would represent him in the state court case.  He contends the attorney indicated he would send motions to Harrison that pertained to the state charges but did not commit to accept the representation.

Harrison telephoned Christman's office in January 2010 to inquire about the status of his state case.  Christman advised him to file several *pro se* motions.  His family telephoned Christman several times to inquire about the state case.  Christman told them he would need a retainer fee of $750.00 to accept the case.  Harrison believes Christman misled him.  He claims Christman "let me maliciously get prosecuted and holding petitioner to his liberties and 'due process' in and through total adjudication."  (ECF No. 1 at 3).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v.*

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

Harrison claims his defense attorney denied him due process. Because the Constitution does not directly provide for damages, Harrison must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). Harrison alleges Christman was

---

*v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

appointed to represent him in federal court. The only vehicle for a due process claim against an individual operating in a federal proceeding would be a *Bivens*[2] action. *Bivens* provides a cause of action against individual officers acting under color of federal law for alleged constitutional violations. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). A court-appointed defense attorney, such as Christman, is a private party, not a government employee. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Private parties are not subject to suit under *Bivens*. *Id.*

Moreover, Harrison cannot assert that Christman acted under color of state law to assert his due process claim under 42 U.S.C. § 1983. There is no indication that Christman was appointed by the state court to represent Harrison. Harrison indicates the attorney informed him he would take the case if Harrison or his family paid a retainer fee. Although Christman allegedly led Harrison to believe he would represent him in both actions, there is no indication that he was appointed or hired for the state case. Even if he were representing Harrison in that proceeding, a privately retained attorney is not considered a state actor under 42 U.S.C. § 1983. *Polk*, 454 U.S. at 321; *Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991).

There are no other federal claims against Christman which are readily discernable on the face of the Complaint. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy

---

[2]    *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

-4-

federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudett*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.* at 1278.  Even liberally construed, the Complaint does not sufficiently state a viable claim against Christman to support this Court's federal jurisdiction.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/3/12

-5-